UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 00-6205-CIV-Lenard

CENTURY 21 REAL ESTATE CORPORATION,

    Plaintiff,

v.

REEDOM HOLDING, INC. f/n/a
REEDOM REALTY, INC., d/b/a
CENTURY 21 REEDOM REALTY, INC.,
and CSABA A. FERENCZI,

    Defendants.
_____/



## NOTICE OF FILING EXHIBIT

Plaintiff, Century 21 Real Estate Corporation ("Century 21"), by and through undersigned counsel, hereby gives notice of filing Guaranty of Payment and Performance which was inadvertently left out of the Franchise Agreement attached to the Verified Complaint as Exhibit "A."

Dated this 13 day of March, 2000.

                                          BUCHANAN INGERSOLL, P. C.
                                          Attorneys for Plaintiff
                                          2100 NationsBank Tower
                                          100 Southeast Second Street
                                          Miami, Florida 33131
                                          Telephone: (305) 347-4080

                                          By: _____
                                          WILLIAM E. DAVIS, ESQ.
                                          Florida Bar No. 191680
                                          E-mail address: daviswe@bipc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. mail this \_13\_ of March, 2000 to: Mark Goldberg, Esq., 10000 Sterling Road, Suite 1, Cooper City, FL 33024.

Jill A. Cook-Edwards

Buchanan Ingersoll, PC □ 100 SE 2nd Street, Suite 2100 □ Miami, FL 33131-2150 □ (305) 347-4080

## GUARANTY OF PAYMENT AND PERFORMANCE

This Guaranty of Payment and Performance is given by the undersigned, <u>Csaba A. Ferenczi</u> (individually a "Guarantor" and collectively "Guarantors"), this ____ day of _____ 1996 to Century 21 Real Estate Corporation ("CENTURY 2 1 "), in order to induce CENTURY 21 to accept <u>Reedom, Inc.</u> ("Franchisee") as a franchisee of CENTURY 21.

Each Guarantor does hereby, jointly and severally, to the extent herein provided, guaranty to CENTURY 21 the prompt payment and performance, when due of all obligations of Franchisee under that certain Franchise Agreement bearing even date hereof, including any renewal, replacement or modification of said Franchise Agreement, and any other franchise agreement or other agreement now existing or hereafter entered into between Franchisee and CENTURY 21. This Guaranty shall apply to the initial franchise fee, all franchise royalty or service fees, NAF contributions, charges for manuals, supplies, materials, services and products furnished by CENTURY 21, audit fees, regional and local council assessments, assignment fees, attorneys fees, referral fees, obligations to indemnify and other such charges, fees and assessments provided for under the aforementioned Franchise Agreement.

This Guaranty shall be deemed continuing in nature. This Guaranty shall not be discharged by renewal of any claims guaranteed by this instrument, the suffering of any indulgence to any debt or extension of time of payment thereof. Presentment, demand, protest, notice of protest and dishonor, and diligence in collecting any obligation under said Franchise Agreement are each and all waived by Guarantors and/or acknowledged as inapplicable. CENTURY 21 shall not be required to pursue any remedy as to said obligations against Franchisee as a condition of the obligation hereunder of Guarantors.

It shall be a condition to the enforcement of this Guaranty that Guarantors shall be given five (5) days prior written notice, either hand-delivered or sent by mail to Guarantors at Franchisee's address or such other place designated in writing by Guarantors to CENTURY 21. Said notice shall state that non-payment or non-performance has occurred, that each Guarantor is liable for all obligations owing to CENTURY 21 on account of the referenced Franchise Agreement, and that demand is made upon said Guarantor for payment of said obligations. Failure to give such notice shall not discharge Guarantor but merely prevent enforcement until so given.

The obligation of each Guarantor hereunder is an absolute and unconditional obligation, and constitutes a guaranty of payment and performance.

Each Guarantor hereby expressly waives notice of the acceptance of this Guaranty and agrees that no action or failure to act by CENTURY 21, including, but not limited to, CENTURY 21's granting of additional time to pay, shall in any way limit or discharge Guarantor's liability hereunder.

Notwithstanding anything herein to the contrary, this Guaranty shall not be applicable to and each Guarantor shall not be liable or responsible for these certain amounts which might otherwise be payable to CENTURY 21 as a result of termination of the Franchise Agreement prior to its expiration date if all of the following conditions are satisfied:

1. The Franchise Agreement is terminated pursuant to a mutual termination agreement arising out of either a) the illness of the Franchisee's majority stockholder(s), or b) the retirement of the Franchisee's majority stockholder(s).

2. The majority stockholder(s) does not act as a real estate broker or associate broker, either directly or indirectly, within twenty (20) miles of Franchisee's Approved Location (as defined in the Franchise Agreement) during the time period which is equal to the remaining term of the Franchise Agreement at the time of the mutual termination ("The Remaining Time Period"); and

3. The Franchisee has paid all royalty or service fees, NAF contributions, Broker Council fees, and any other charges and fees which were due and owing or otherwise accrued prior to the effective date of termination.

In the event of a mutual termination as above provided, Guarantors will not be responsible to CENTURY 21 or to Franchisee's Broker Council for any lost future profits. All other amounts payable by Guarantors under this Guaranty shall remain due and payable.

Notwithstanding the provisions above, if after the execution of a mutual termination agreement based on the illness or retirement of Franchisee's majority stockholder(s), said majority stockholder(s) nonetheless acts, directly or indirectly, as a real estate broker or associate broker, within twenty (20) miles of Franchisee's Approved Location (as defined in the Franchise Agreement) at any time during the Remaining Time Period, Guarantors shall remain responsible to CENTURY 21 for all losses suffered by CENTURY 21 during the Remaining Time Period including those otherwise excluded above.

Individually and Personally:

By _____
    Csaba A. Ferenczi